OLCOTT *et al. v.* ERWIN *et al.*

(*Supreme Court, General Term, Third Department.* February 4, 1890.)

PAYMENT—WHAT CONSTITUTES—CHECKS.

　　Lessors accepted rent from a sublessee on the understanding that the lessees were to continue liable if he did not pay. In response to their demand for a quarter's rent, the sublessee gave his check to the lessors after banking hours on a Friday, taking the usual receipt acknowledging payment from the lessees. The lessors did not present the check until the following Monday, when payment was refused. Had it been presented before 2 P. M. on Saturday, which was practicable, it would have been paid. *Held,* that the rent was not paid, and that the lessees were liable therefor.

Appeal from circuit court, Albany county.

An action by John J. Olcott and another against John Erwin and others.

The action was to recover $356.29, being one quarter's rent due the plaintiffs, November 1, 1888, upon premises leased by the plaintiffs to the defendants for the term of three years and one month from April 1, 1886. In January, 1887, the defendants sublet the premises to John McKinley, who entered and continued in possession until November 12, 1888. The plaintiffs did not accept McKinley as their tenant, but after his entry he paid the rent as it fell due for the quarters prior to November 1, 1888; the plaintiffs giving him receipts acknowledging payment from the defendants. The plaintiffs intended to hold the defendants in case McKinley did not pay, and such was the understanding of the defendants. The plaintiffs demanded of McKinley the rent due November 1, 1888, on the same day, but the same was not then paid. On November 9, 1888, and after banking hours, McKinley gave to the plaintiffs his check for the amount of the rent, $356.29, upon the National Commercial

Bank of Albany, and plaintiffs gave him a receipt therefor, acknowledging payment from the defendants.    November 9th was Friday.    If the plaintiffs had presented the check on Saturday it would have been paid.    They deposited it in the Mechanics' & Farmers' Bank on Monday, which bank caused it to be immediately presented to the Commercial Bank, when payment was refused. Had the plaintiffs deposited it in the Mechanics' & Farmers' Bank on Saturday, it would not have been, in the usual course of business, presented to the Commercial Bank until Monday.    The Commercial Bank remains open on Saturday until 2 o'clock P. M.    Judgment for plaintiffs.    Defendants appeal.

Argued before LEARNED, P. J., and FISH and LANDON, JJ.

*Matthew Hale*, for appellants.    *Marcus T. Hun*, for respondents.

LANDON, J.    The defendants concede that the plaintiffs used sufficient diligence to charge any party to the check with liability, and to exempt any person who received it for collection from the imputation of negligence.    This concession is based upon chapter 289 of the Laws of 1887, relative to the presentation of bank paper upon holidays and half-holidays.    The defendants, however, urge that as they were the debtors of the plaintiffs for the rent, and the plaintiffs presented the demand to McKinley for payment, who, as between defendants and McKinley, ought to pay it, and McKinley did give the plaintiffs his check for the amount, which was good all of Saturday, and which was not paid because not presented on that day, the plaintiffs have by their negligence lost the money, and have no recourse upon the defendants.    The defendants urge that it was the duty of the plaintiffs to present the check at the earliest reasonable opportunity, and, since the creditor and drawee both resided in Albany, it was practicable to present it on Saturday, and no valid excuse is shown for the omission.    Also that the rule as to the diligence required to charge drawers and indorsers has no application.    In support of their contention, the defendants cite *Kobbe* v. *Clark*, Seld. Notes, 165, and *Smith* v. *Miller*, 43 N. Y. 172.    In the latter case the defendants, residing in Buffalo, being indebted to the plaintiffs, residing in New York, sent them by mail a draft for the amount upon Place & Co. of New York.    The plaintiffs presented the draft to Place & Co. at half past 1 in the afternoon of the same day that they received it.    Place & Co. gave to the plaintiffs their own check for the amount upon the Manufacturers' Bank, and took up the draft.    Had the plaintiffs presented the check to the bank that afternoon—and they had two hours in which to do it—the check would have been paid them.    But they deposited it in the Citizens' Bank the same afternoon, and that bank did not present it to the Manufacturers' Bank until the next day at noon, when payment was refused; Place & Co. having failed in the morning.    The court held that the defendants were not liable for the debt for which they gave plaintiffs the draft on Place & Co.    Why?    Because the defendants had given the plaintiffs a draft on Place & Co., which, if Place & Co. did not pay upon presentment, it was the duty of the plaintiffs to give the defendants notice of the default.    It was the duty of the plaintiffs, upon presenting the draft, to ascertain, as soon as they reasonably could, whether Place & Co. paid it or not. Place & Co.'s check was not money, and when the plaintiffs received it they could not know whether the defendant's draft was paid by it until they presented the check to the bank upon which it was drawn.    It was their duty to do that immediately, because it was their duty to find out immediately whether the draft was paid.    By depositing the check in the Citizens' Bank, and awaiting its presentation to the Commercial Bank until the following day, the plaintiffs were delaying their duty to the defendants in respect to the draft, and thereby so dealing with the check as to make it their own, and to take upon themselves the risk of Place & Co.'s failure during this unnecessary delay.    The plaintiffs might, by proper diligence, have collected defendants' draft; but failed, because they failed in diligence.    The plaintiffs took substi-

tuted paper, and undertook to make the defendants' rights depend upon the indulgence they extended to its maker. The defendants knew nothing of this, and were not bound by it beyond the time within which, by reasonable diligence, their draft could be presented and its value ascertained. In *Kobbe* v. *Clark*, the action was upon the draft, the payment of which was lost because the plaintiff, instead of collecting the draft upon presentment to the drawee, took the drawee's check, good the day he received and might have collected it, but bad the following day, when he presented it to the bank upon which it was drawn. The court held that the loss was caused by the plaintiff's failure in diligence with respect to the draft. The present case is different. If defendants had drawn upon McKinley for the amount of the rent, and delivered the draft to the plaintiffs, or had delivered to them the draft of a third person upon McKinley, and plaintiffs, upon presentation of the draft, had taken McKinley's check for the amount, and surrendered the draft to him, the facts would be similar to those in the cases cited. The same questions, respecting the plaintiff's delay in ascertaining whether the draft was paid, would arise, and the same risk would have been incurred by the plaintiffs in dealing with substituted paper without the knowledge or consent of the defendants. McKinley's check was not received by the plaintiffs in substitution for any paper given them by defendants. Here McKinley undertook, with the consent both of plaintiffs and defendants, to pay defendants' debt to plaintiffs, and he gave plaintiffs his check for the purpose. No other commercial paper being involved, the only duty the plaintiffs undertook to perform was to present the check in the usual and permissible course of business. This they did. It was not paid, and hence the rent was not paid. Judgment affirmed, with costs.

FISH, J., concurs. LEARNED, P. J., takes no part.